S97Y1198. IN THE MATTER OF LUCINDA STEVENS.
(492 SE2d 659)

PER CURIAM.

This disciplinary proceeding is before the court on the recommendation of the review panel that the Respondent, Lucinda Stevens, be suspended for her failure to return her former client's file in a case filed in the U. S. District Court for the Southern District of Georgia; for her conduct in that court, including her contempt of that court's orders; and for her failure to respond to State Bar disciplinary authorities. The review panel also recommended that Stevens complete a mental health assessment with a board certified psychiatrist acceptable to the Lawyer Assistance Program and that she be required to obtain certification from that program that she is fit to resume the practice of law and does not pose a threat of substantial harm to her clients or to the public. The term of the recommended suspension is indefinite, but for a minimum period of 18 months with the above mentioned condition for reinstatement.

The conduct underlying the State Bar's complaint in this case commenced when Stevens informed her client that she could not represent him for six months because of this Court's 1991 order suspending her for that period. The client subsequently discharged Stevens, filed a complaint on his own behalf in the United States District Court for the Southern District of Georgia, and, thereafter, obtained new counsel. After the former client and his new counsel made numerous attempts to obtain the former client's file from Stevens, new counsel sought the district court's assistance to retrieve the file. When Stevens failed to appear for a deposition, and, for a show cause hearing, federal marshals arrested her pursuant to the district court's order. Following the show cause hearing, the federal court permanently disbarred Stevens from practice in the Southern District of Georgia and held her in contempt for failing to produce her former client's file.

Following the issuance of an order of the United States District Court for the Southern District of Georgia disbarring Stevens from

practicing therein, and finding her in civil contempt of that court, the Investigative Panel issued a Notice of Probable Cause. Thereafter, the State Bar filed a Formal Complaint, charging Stevens with violations of Standards 22, 50 and 68 of Bar Rule 4-102. Stevens filed a response, admitting she had violated Standard 68 in failing to file a timely response to the Investigative Panel's Notice of Investigation, but denied the remaining allegations. In connection with this case, this Court suspended Stevens, on December 16, 1993, until further order for her failure to respond to the State Bar's Notice of Investigation, and reinstated her on January 10, 1994, after she responded to the Notice of Investigation. However, although she was properly notified, she failed to appear at the hearing before the special master. After hearing testimony and considering the evidence presented in a hearing by the State Bar, which Stevens did not attend, despite being notified thereof, the special master concluded that by her conduct in the underlying federal case, Stevens had violated the standards as alleged in the State Bar's complaint. In its report, the review panel adopted the special master's findings.

The record supports the review panel's findings and conclusions that Stevens violated the following standards of Bar Rule 4-102: Standard 22 (failure to take proper steps to avoid foreseeable prejudice to client before withdrawal from employment; including due notice to the client and delivery to client of client's papers and property); Standard 50 (engaging in undignified, discourteous or disruptive conduct in presenting a matter to a court or tribunal); and Standard 68 (failure to respond to disciplinary authorities in accordance with Bar Rules).

This is Stevens' third disciplinary infraction subjecting her to the recidivist provision of Bar Rule 4-103. On April 14, 1989, the Investigative Panel of the State Disciplinary Board issued a Formal Letter of Admonition to Stevens for her violation of Standard 68 (failure to respond to disciplinary authorities in accordance with Bar Rules). In July 1991, this Court suspended Ms. Stevens for six months for violations of Standards 4 (conduct involving dishonesty, fraud, deceit or wilful misrepresentation); 21 (failure to withdraw from employment in accordance with tribunal rules and failure to withdraw from employment on client's discharge); 44 (wilful abandonment or disregard of a legal matter) and 45 (false statements, illegal conduct, or conduct contrary to a disciplinary rule in the representation of a client). *In the Matter of Lucinda Stevens*, 261 Ga. 426 (407 SE2d 761) (1991). The court reinstated Stevens in 1992. Accordingly, we adopt the recommendation of the review panel that Stevens be suspended indefinitely and for a minimum of 18 months, with the lifting of her suspension contingent on certain conditions. We agree with the review panel that suspension is appropriate and that Ste-

vens' law office was poorly managed and that her conduct was unethical as outlined above.

Accordingly, Stevens is suspended indefinitely and for a minimum of eighteen months from the practice of law in this state and must satisfy the following conditions: before Stevens can apply for reinstatement, she must (1) present certification from the Institute of Continuing Legal Education that she has completed five hours of CLE in "Ethics"; (2) receive certification from the Lawyer's Assistance Program that she is fit to return to the practice of law and suffers from no impairment which would affect her ability to practice law; and (3) obtain certification from the Office of General Counsel of the State Bar that it has reviewed its disciplinary records since the date of this Court's order and that she has not demonstrated any conduct indicating that she would pose a danger to her clients and the public by returning to the practice of law. Stevens is reminded of her duty under Bar Rule 4-219 (c), to timely notify all clients of her inability to represent them, to take all actions necessary to protect the interests of her clients, and to certify to this Court that she has satisfied the requirements of such rule.

*Minimum of eighteen months suspension, with reinstatement on conditions. All the Justices concur.*

DECIDED NOVEMBER 3, 1997.

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar,* for State Bar of Georgia.